**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5282**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANDRE MARQUIS BRADLEY,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence. Terry L. Wooten, District Judge.
(4:10-cr-00088-TLW-1)

_____

Submitted: September 19, 2011     Decided: October 12, 2011

_____

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John M. Ervin, III, Darlington, South Carolina, for Appellant.
William Norman Nettles, United States Attorney, Arthur Bradley
Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Marquis Bradley pled guilty in accordance with a written plea agreement to conspiracy to distribute fifty grams or more of cocaine base, 21 U.S.C. § 846 (2006). He was sentenced to 170 months in prison. Bradley now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Bradley was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

Bradley first contends that the district court failed to comply with Fed. R. Crim. P. 11. Because Bradley did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). After thoroughly reviewing the transcript of the Rule 11 hearing, we discern no plain error.

Bradley also contends that his sentence is unreasonable. At sentencing, the district court determined that Bradley's total offense level was 34, he was in criminal history category VI, and his resulting advisory Guidelines range was 262-327 months. The court granted the United States' motion for downward departure based on substantial assistance and departed downward four levels. This reduced Bradley's Guidelines range

to 168-210 months. After hearing argument from counsel and Bradley's allocution, the court sentenced Bradley to 170 months in prison. In imposing the sentence, the court considered relevant 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors, Bradley's substantial assistance to the United States, and the fact that Bradley had never served a significant term of imprisonment despite having several felony convictions.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2008). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

In explaining the selected sentence, the district court "must make an individualized assessment based on the facts presented," by applying "the relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation

3

marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted). "If, and only if, we find the sentence procedurally reasonable can we consider" its substantive reasonableness. Id.

We conclude that Bradley's sentence is procedurally and substantively reasonable. The court properly calculated the Guidelines range, applied pertinent § 3553(a) factors, considered the arguments of counsel and Bradley's allocution, and sufficiently explained the variant sentence. See Evans, 526 F.3d at 161.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Bradley, in writing, of the right to petition the Supreme Court of the United States for further review. If Bradley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Bradley.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED